PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD CRANE, | ) |
| | ) CASE NO. 4:17CV0695 |
| Petitioner, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| STEVE MERLAK, Warden, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) [Resolving ECF No. 3] |

## I. Background

*Pro Se* Petitioner Donald Crane, a federal prisoner incarcerated at the Federal Correctional Institution in Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). In 2015, he pleaded guilty, pursuant to a plea agreement, to possession of a firearm by a felon with forfeiture allegation and the United States District Court for the Northern District of Iowa sentenced him to 63 months of imprisonment and three years of supervised release. *United States v. Crane*, No. 1:14-cr-00110-LRR (N.D.Iowa Aug. 11, 2015). He did not appeal his conviction or sentence. He filed a Motion to Vacate his Sentence, citing *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, 136 S.Ct. 2243 (2016) to challenge the enhancement of his sentence under the United States Sentencing Guidelines. In March 2017, the United States District Court for the Northern District of Iowa denied the Motion to Vacate on the merits. *Crane v. United States*, No. 1:16-cv-00201-LRR (N.D.Iowa March 17, 2017). Petitioner filed the within Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) on April 3, 2017 asserting the same

(4:17CV0695)

challenges to his sentence under *Johnson* and *Mathis*. For the reasons stated below, the Petition (ECF No. 1) is denied and this action is dismissed.

## II. Standard of Review

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in the Petition (ECF No. 1) must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

## III. Law and Analysis

Petitioner is not entitled to relief under 28 U.S.C. § 2241. As a general matter, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v.*

2

(4:17CV0695)

*Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 petition when his attempts to obtain relief under § 2255 for those claims are unsuccessful. "Simply because a sentencing court has already denied relief to the petitioner under § 2255 does not render his remedy under § 2255 inadequate or ineffective." *Charles*, 180 F.3d at 757-58.

Section 2255 does contain a narrow exception to this rule which permits a federal prisoner, in rare circumstances, to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241. A federal prisoner can only use § 2241 to challenge his conviction or sentence if there is an intervening change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 209 (1952). *See United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In addition, a petitioner must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at

3

(4:17CV0695)

620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).  This occurred when the Supreme Court of the United States issued its decision in *Bailey v. United States*, 516 U.S. 137 (1995), which redefined "use" of a firearm during a drug or violent crime in a restrictive manner and some prisoners convicted of "using" a firearm found themselves actually innocent.  Both of those factors must be in place for the Court to consider entertaining a federal prisoner's challenge to his conviction or sentence in a § 2241 petition.

In this case, Petitioner's remedy under § 2255 was not inadequate nor ineffective.  He challenged his sentencing enhancement under the Sentencing Guidelines, citing both *Johnson* and *Mathis*, in his Motion to Vacate under § 2255 and received a decision on the merits of his claims.  He cannot now file a § 2241 petition to relitigate the same claims.

### IV.  Conclusion

Accordingly, Petitioner's Motion to Correct Named Party (ECF No. 3) is granted.  Steve Merlak, Warden is substituted for the United States of America.  The case caption shall be changed to reflect that Steve Merlak, Warden is the respondent.  For the reasons stated above, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

July 27, 2017                                          */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                              United States District Judge